1 │ Robert Abiri, Esq. (SBN 238681)
  │ **THE BARNES FIRM, L.C.**
2 │ 633 West Fifth Street, Suite 1750
  │ Los Angeles, CA 90071
3 │ Telephone:  (800) 800-0000
  │ Facsimile:   (888) 800-7050
4 │ Email:  Robert.abiri@thebarnesfirm.com

5 │ Attorney for Plaintiff:
  │ EDWARD JOHNSON

6

7

8 │ **UNITED STATES DISTRICT COURT**

9 │ **CENTRAL DISTRICT**

10

11 │ EDWARD JOHNSON, an individual, ⟩  Case No.:

12 │       Plaintiff,

13 │   vs.                                      ⟩  **COMPLAINT FOR NEGLIGENCE**

14

15 │ JAMES VINCENT COOK; an
   │ individual; PORTER SERVICES,   ⟩  **DEMAND FOR JURY TRIAL**
16 │ INC., a corporation, and DOES 1 to
17 │ 50 inclusive,

18 │      Defendant(s).

19

20 │ **COMES NOW** Plaintiff, EDWARD JOHNSON and complains against

21 │ Defendants JAMES VINCENT COOK and PORTER SERVICES, INC., and

22 │ alleges as follow:

23 │     1.    This Court has original jurisdiction under 28 USC § 1332, in that

24 │ it is a civil action between citizens of different states in which the matter in

25 │ controversy exceeds, exclusive of costs and interest, seventy-five thousand

26 │ dollars.  Plaintiff is a citizen of California, whereas Defendant James

27 │ Vincent cook is a citizen of Arizona and Defendant Porter Services, Inc., is

28 │ a citizen of North Carolina.

1

**COMPLAINT**

2. Plaintiff at all relative times herein, lived in the Counties of San Bernardino and Orange, California.

3. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein, Defendant James Vincent Cook ("Cook") is an individual residing in the city of Glendale, Arizona.

4. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein, Defendant Porter Services, Inc. ("Porter") is a corporation with its principal place of business in Denver, North Carolina. During all times relevant to the matters raised in this Complaint, Porter was and is presently engaged in the business of owning, operating, maintaining, controlling, possessing, and exerting control over the vehicle that Cook was driving during the day of the incident.

5. Plaintiff is ignorant of the true names and capacities of Defendants 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries herein were approximately caused by the aforementioned defendants.

6. Plaintiff is informed and believes and thereon alleges that at all times material herein each fictitiously named Defendant, was either the true defendant or the agent and employee of each of the other remaining Defendant and in doing the things alleged in this Complaint, was acting within the course and scope of the scope and purpose of such agency and with the permission and consent of, and their actions were ratified by, the other Defendants.

7. On December 7, 2017, Plaintiff was driving on the Interstate 10

**COMPLAINT**

1   Eastbound west of State Route 101, in Avondale, Arizona, when he was

2   stopped in traffic.  At that point, Plaintiff was violently rear ended by Cook,

3   who was driving a vehicle owned by Porter, a white Chevrolet Van with

4   Arizona license plate number CJ34775 ("Vehicle").

5       8.     Plaintiff hit his head in severe fashion and suffered other

6   serious injuries during impact.  Plaintiff was pushed into the car in front of

7   him.

8       9.     At the time of the accident, Defendants so negligently owned,

9   maintained, operated, managed and/or controlled the Vehicle that a motor

10  vehicle collision occurred between Plaintiff's car and the Vehicle.

11      10.    As a direct and proximate result of the acts or failures to act of

12  Defendants, and the resulting incident as alleged herein, Plaintiff was

13  injured in his health, strength, activity, sustaining injuries to his body and

14  shock and injury to his nervous system and person, all of which injuries

15  have caused and continue to cause Plaintiff great mental, physical and

16  nervous pain and suffering, in an amount to be proved at trial – exceeding

17  $4,000,000.00 – for the recovery of all general, special, actual and

18  compensatory damages.

19      11.    Plaintiff is informed and believes and thereon alleges that, as a

20  direct and proximate cause of the negligence of the Defendants as stated,

21  he will, for a period of time in the future, be required to employ medical care

22  providers to examine, treat and care for him, in that Plaintiff will incur

23  additional medical and incidental expenses, thereby the exact amount of

24  such expenses is presently unknown to Plaintiff who will seek leave of

25  Court to amend this complaint to set forth the exact amount therefore when

26  the same has been ascertained.

27      12.    Plaintiff is informed and believes and upon such information

28  and belief alleges that said injuries will result in some permanent disability

**COMPLAINT**

1  to him all to his general damage in a sum presently unascertained, but in

2  an amount over and above the minimum jurisdictional amount of the

3  Central District, and Plaintiff will ask leave to insert the same in the

4  Complaint when ascertained.

5

6      WHEREFORE, Plaintiff prays judgment against the Defendants as

7  follows:

8      1. For all general, special, actual and compensatory damages,

9         including, but not limited to, his necessary medical and related

10        expenses, past, present, and future lost earnings, loss of future

11        earning capacity, as well as mental, emotional, and physical pain

12        and suffering, as proven at the time of trial. The total amount of

13        Plaintiff's damages are presently unknown, but is reasonably

14        believed to be in excess of $4,000,000;

15     2. For costs of suit incurred herein; and,

16     3. For such other and further relied as the Court may deem just and

17        proper.

18

19                   **DEMAND FOR JURY TRIAL**

20      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff

21  demands trial by jury in this action of all issues so triable.

22

23                              **THE BARNES FIRM, l.c.**

24

25  DATED:  November 14, 2019

                                By:        /s/
26
                                    Robert Abiri
27                                  Attorney for Plaintiff

28

4

**COMPLAINT**